UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK FISCHER,

    Plaintiff,                                               Civil Action No. 19-CV-13020

vs.                                                        HON. BERNARD A. FRIEDMAN

UNITED STATES OF AMERICA,

    Defendant.

_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on defendant's motion for summary judgment (docket entry 25). Plaintiff has responded and defendant has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

This is a Federal Tort Claims Act ("FTCA") case in which plaintiff was seriously injured when his motorcycle collided with a postal delivery vehicle. The accident occurred in September 2017 on Truax Road in Tuscola Township, a rural area near Frankenmuth, Michigan. The postal truck was eastbound on Truax Road when it slowed down to make a left-hand turn into a driveway. Plaintiff, who was following behind the postal truck, believed it was slowing down to put mail into the roadside mailboxes that were on the south side of the road, across the road from the driveway. As plaintiff was passing the postal truck, it began its left-hand turn into the driveway, side-swiping plaintiff and causing him to lose control and crash. Plaintiff, who sustained life-threatening injuries, was air-lifted to a hospital. Plaintiff claims that his injuries were caused by the negligence of the postal truck driver, Terry Patton.

Under the FTCA, with exceptions not applicable here, the United States is liable "for . . . personal injury . . . caused by the negligent . . . act . . . of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act . . . occurred." 28 U.S.C. § 1346(b)(1). As the allegedly negligent act in the present case occurred in Michigan, Michigan law determines the extent, if any, of the government's liability. Under Michigan law, a person is liable "for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement." Mich. Comp. Laws § 500.3135(1). However, "damages must not be assessed in favor of a party who is more than 50% at fault." Mich. Comp. Laws § 500.3135(2)(b).

In the present case, defendant seeks summary judgment on the grounds that plaintiff was "more than 50% at fault" in causing this accident because he should not have attempted to pass the postal truck. Summary judgment could appropriately be granted on this basis only if no reasonable fact-finder could determine that plaintiff was less than 50% at fault. *See* Fed. R. Civ. P. 56(a). In making this assessment, the Court

> must view the evidence in the light most favorable to the party opposing the motion for summary judgment. *Kirilenko-Ison v. Bd. of Educ. of Danville Indep. Schs.*, 974 F.3d 652, 660 (6th Cir. 2020). "This includes drawing 'all justifiable inferences' in the nonmoving party's favor." *George*, 966 F.3d at 458 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Jackson-VHS*, 814 F.3d at 775 (quoting *Anderson*, 477 U.S. at 249, 106 S. Ct. 2505).

*Strickland v. City of Detroit*, 995 F.3d 495, 503 (6th Cir. 2021).

Factual disputes concerning the circumstances of this accident plainly prevent this case from being resolved on summary judgment. Not surprisingly, plaintiff's and defendant's respective experts disagree as to which driver was at fault. Plaintiff's expert opines that "[t]he proximate cause of this vehicle crash is the unsafe turning executed by Mr. Patton." Pl.'s Resp., Ex. 5 (PageID.392). Defendant's expert opines that plaintiff "failed to exercise caution as he approached and attempted to pass a slowly [sic] and left signaling Postal Truck" and that if plaintiff had "modified his speed and waited for the Postal Truck to compete its turn, the accident would not have occurred." Def.'s Summ. J. Mot., Ex. G (PageID.212).

Viewing the conflicting evidence in plaintiff's favor, a fact-finder could reasonably conclude that the fault lay primarily if not entirely with Patton, the postal truck driver. Plaintiff testified that his headlight was on as he followed the postal truck. Pl.'s Dep. at 18. The postal truck "started slowing down because it was the first mailboxes that we were coming to on that road." *Id.* at 19. Plaintiff believed the postal truck

> was going to make a delivery at the mailbox so I started to pass him
> and go around. And when I was right beside him, I looked in the
> window and that's when I seen him turn his wheel towards me, so I
> give it a little bit of gas to try to get ahead, but it didn't work.

*Id.* A fact-finder could determine that plaintiff reasonably assumed the postal truck was slowing down to deliver mail into the roadside mailboxes, given that this is how mail is delivered in rural areas and the fact that the postal truck had slowed to approximately three miles per hour. *See* Patton Dep. at 22; Def.'s Summ. J. Mot., Ex. G (PageID.212). This assumption would have been unreasonable if Patton had activated his vehicle's left-turn signal, but the evidence as to whether he did or did not is disputed. Patton testified that he did so, *see* Patton Dep. at 38, but plaintiff testified

that he did not see any turn signals go on. *See* Pl.'s Dep. at 23. Plaintiff also testified that just before passing he was at least twenty feet behind the postal vehicle and could see its left-side mirror, *see id.* at 22, 25, which, if true, would suggest that Patton would have seen plaintiff if he had looked into that mirror. Patton testified that he did look into that mirror, as well as his left-side "blind spot mirror," before turning and did not see any movement. *See* Patton Dep. at 25. The evidence also indicates that plaintiff had been following the postal truck for approximately one-half mile before attempting to pass it, see Pl.'s Dep. at 18-19; Def.'s Ex. E (PageID.158), although Patton testified that he was never aware that plaintiff was behind him. *See* Patton Dep. at 18-19. There is no suggestion that plaintiff was speeding. The speed limit where the accident occurred is fifty-five miles per hour. *See* Def.'s Summ. J. Mot., Ex. E (PageID.158). According to defendant's accident reconstructionist, plaintiff was going approximately thirty-eight miles per hour at the moment of impact, nearly twenty miles per hour under the speed limit. *See* Def.'s Summ. J. Mot., Ex. H (PageID.278).

Viewing the evidence in the light most favorable to plaintiff, the Court concludes that a fact-finder could reasonably determine that the accident in this case was caused principally by Patton's negligent failure to activate his left-turn signal, his negligent failure to look into his left-side mirrors before turning, his negligent failure to be aware of his surroundings, and his negligence in turning into plaintiff's passing motorcycle. That is to say, a fact-finder could reasonably determine that plaintiff was less than 50% at fault and that he is therefore entitled to a damages award (reduced, as the fact-finder may determine, by his percentage of fault, if any) under Mich. Comp. Laws Ann. § 500.3135. Accordingly,

4

IT IS ORDERED that defendant's motion for summary judgment is denied.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: June 1, 2021  SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan