UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JACK FISCHER,

       Plaintiff,                                Case No. 1:19-cv-13020

v.                                                  Honorable Thomas L. Ludington
                                                      United States District Judge

UNITED STATES OF AMERICA,

       Defendant.
_____/

## OPINION AND ORDER DENYING GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY

The Government has filed a motion in limine to exclude any opinion testimony from Plaintiff's expert witness that relies on a handbook titled *What Every Driver Must Know*. ECF No. 50. As explained hereafter, the Government's Motion will be denied without prejudice.

**I.**

This case arises from a relatively routine "approach-from-the-rear daylight collision" set of events: here, with the Government's postal truck being overtaken by Plaintiff's motorcycle.

The driver of the postal truck ("Patton") testified that he braked almost to a stop slightly over the center of the roadway to turn left while signaling and using his mirrors to watch behind his vehicle. *Fischer v. United States*, No. 1:19-CV-13020, 2022 WL 36418, at *1 (E.D. Mich. Jan. 4, 2022). Patton explains that he neither saw nor heard any automobile or warning signal from the rear but halted when something suddenly caught his eye in the side-view mirror. *Id.* As Patton braked and turned left, Plaintiff accelerated to pass in the left lane, but the right pedal of his motorcycle hooked the back of the postal truck's front-left bumper. *Id.*

Plaintiff acknowledges slowing yet denies seeing Patton's brake lights. ECF No. 35 at PageID.441 ("As Fischer was following Patton, Patton's mail truck slowed down to approximately 3mph as it approached some mailboxes on the right."). Plaintiff has, however, conceded that he saw Patton's truck braking before he attempted to pass it. *Id.* ("Plaintiff Fischer thought that Patton was stopping at the mailboxes and he proceeded to pass Patton on the left."). Moreover, Plaintiff testified that, from the rear, he saw blinking yellow lights on Patton's truck. *See* ECF No. 27-2 at PageID.319.[1]

Plaintiff lost control and crashed. Suffering life-threatening injuries, he was medevaced from the scene of the accident. *Fischer*, 2022 WL 36418, at *1.

Eighteen days later, Plaintiff brought this case under the Federal Tort Claims Act (FTCA), which states, with exceptions not applicable here, that the Government is liable for:

> personal injury . . . caused by the negligent . . . act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

In April 2021, the Government filed a motion for summary judgment, which Judge Friedman denied on June 1, 2021. *See* ECF No. 30. Twenty-three days into the case, one of Judge Friedman's former law clerks, Assistant United States Attorney Benjamin A. Anchill, filed a notice of appearance to represent the Government. ECF No. 31. Judge Friedman recused himself the next day under 28 U.S.C. § 455(a), reassigning the case to this Court. ECF No. 32.

---

[1] In *Hoffman v. Burkhead*, the en banc Michigan Supreme Court held that under Michigan Compiled Laws § 257.648(2) a driver who "timely blink[s] his rear red lights" has "signalled an intention *to do something* . . . [raising] a fair inference . . . that he has performed his statutory duty and that any approaching driver was put on warning." *Hoffman*, 90 N.W.2d 498, 503 (Mich. 1958) (emphasis added).

A bench trial before the undersigned is scheduled to begin on June 28, 2021. ECF No. 49. On May 6, 2021, the Government filed the instant Motion in Limine.[2] ECF No. 50.

As Michigan is the *loci delicti commissi*, Michigan law determines the extent of the parties' liabilities. 28 U.S.C. § 1346(b)(1); *Premo v. United States*, 599 F.3d 540, 545 (6th Cir. 2010); *Young v. United States*, 71 F.3d 1238, 1242 (6th Cir. 1995); *see also* Amie L. Medley, Note, *A Sea of Confusion: The Shipowner's Limitation of Liability Act as an Independent Basis for Admiralty Jurisdiction*, 108 MICH. L. REV. 229, 254 n.87 (2009) ("The traditional rule of lex loci delicti requires that the law of the jurisdiction where the wrong occurred be applied." (citing BLACK'S LAW DICTIONARY 930 (8th ed. 2004)).

## II.

The Government asserts that Plaintiff's expert witness, Timothy Robbins, will base part of his opinion testimony on a handbook titled *What Every Driver Must Know*. ECF No. 50. Although not specifically cited by the Government, Robbins concluded, in part, as follows:

> Mr. Fischer was in the process of legally passing the USPS Postal Truck prior to Mr. Patton turning left. Mr. Fischer was there to be seen and had occupied the westbound lane, confirming Mr. Patton did not have the right of way to turn left. This is also discussed In What Every Driver Must Know, "*A driver being passed on the left must give way to the passing vehicle*."

ECF No. 50-2 at PageID.1163.

That handbook, the Government adds, is not a reliable basis for Robbins's expert testimony. For this reason, the Government requests that this Court "bar Mr. Robbins from offering

---

[2] For a discussion of how trial courts may conditionally grant a motion in limine, leaving the underlying evidentiary issue open to be revisited at trial, see *The Modern Workplace: Contemporary Legal Issues in Employment & Labor Law Local Panel Discussion*, 6 BELMONT L. REV. 245, 261–62 (2019) (statement of Ann Steiner) (citing *Rothberg v. Cincinnati Ins.*, No. 1:06-CV-111, 2008 WL 2401190, at *2 (E.D. Tenn. June 11, 2008)).

any opinion or testimony based upon his interpretation of the What Every Driver Must Know handbook." ECF No. 50 at PageID.1142.

Plaintiff contends that "Robbins is not relying on the What Every Driver Must Know handbook as the foundation of his opinion but more as an illustration of the Michigan Vehicle Code." ECF No. 51 at PageID.1282.[3]

### A.

Federal Rule of Evidence 703 governs the bases of Robbins's expert opinion testimony. In FTCA cases, if a state and federal rule of evidence "answer the same question," then the court

---

[3] The conclusion that Robbins derived from *What Every Driver Must Know* seemingly comes from the following passages:

> **SIGNALING** *Pg. 22*
> Signaling is a legal requirement and a courtesy. Before stopping, turning, or changing lanes, look to see if it is safe. Communicate to other drivers by giving the required signal, either using your left hand and arm or your vehicle's turn signal. Signal at least 100 feet ahead of where you plan to turn. In heavy traffic or on freeways, signal sooner so drivers behind you have time to adjust their speed.
>
> **PASSING** *Pg. 29*
> When passing other vehicles, always check your rearview and side-view mirrors for any overtaking traffic. Use your turn signal to indicate your intentions. Check blind spots by turning your head to see if you can safely move from your lane without interfering with traffic. It is illegal to exceed the speed limit or use the shoulder of the road to pass. When about to pass a vehicle on a divided highway, move into the passing lane well before passing. When passing a pedestrian or a slow-moving vehicle, such as a bicycle, farm equipment or a horse and buggy, allow adequate room so that the person or vehicle is not endangered.
>
> **Passing on the left**: On a two- or three-lane road with traffic moving in both directions, you may pass on the left when overtaking another vehicle if there are no signs or other markings prohibiting passing and it can be done safely.
>
> A driver being passed on the left must give way to the passing vehicle. Do not increase speed until the other vehicle has completely passed.

ECF No. 50-2 at PageID.1159–60.

must apply the federal rule. *See Fischer v. United States*, No. 1:19-CV-13020, 2022 WL 36418, at *5 (E.D. Mich. Jan. 4, 2022) (quoting *Gallivan v. United States*, 943 F.3d 291, 293 (6th Cir. 2019)). Michigan Rule of Evidence 703 "is inconsistent with Rule 703 of the Federal Rules of Evidence." MICH. R. EVID. 703, staff comment to 1978 adoption. Yet both rules determine the permissible bases of experts' opinion testimony, meaning that Federal Rule of Evidence 703 controls.

Federal Rule of Evidence 703 provides:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

FED. R. EVID. 703.

Federal Rule of Evidence 703 identifies three types of evidence upon which an expert's opinion may be based: (1) "firsthand observation of the witness"; (2) evidence presented at the trial; and (3) "data [presented] to the expert outside of court and other than by his own perception." FED. R. EVID. 703 advisory committee's note to 1972 proposed rules.

The handbook titled *What Every Driver Must Know* falls within the third category. The central question of the Government's Motion therefore becomes "Would it be reasonable for an accident-reconstruction expert to rely on the *What Every Driver Must Know* handbook? The answer is "Yes."

**B.**

Although an expert's opinion is not admissible if it is speculative or mere guess work, the court should admit expert testimony if it has a reasonable factual basis. *See United States v. Ramer*, 883 F.3d 659, 680 (6th Cir. 2018) (quoting *United States v. L.E. Cooke Co.*, 991 F.2d 336, 342

(6th Cir. 1993)). In such a circumstance, "any remaining challenges merely go to the weight, as opposed to the admissibility, of the expert testimony." *Id.* (citing *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 530 (6th Cir. 2008)). Federal Rule 703 allows an expert witness to testify to an opinion that is supported by inadmissible hearsay evidence. *United States v. Scott*, 716 F. App'x 477, 485 (6th Cir. 2017) (unpublished).

It was reasonable for Robbins to rely on the handbook. The handbook is written by Michigan's Secretary of State. It is thus seemingly authoritative, as it comes from the state government. Although an executive-branch interpretation of legislative-branch statutes is not always legally binding, it is at least reasonable to assume that an accident-reconstruction expert interpreting the Michigan Vehicle Code would seek guidance from driving tips provided by Michigan's executive branch. *Cf. United States v. Mead Corp.*, 533 U.S. 218, 221, 235 (2001) (holding that federal executive-branch "interpretations contained in policy statements, agency manuals, and enforcement guidelines" deserve "respect according to [their] persuasiveness" (quoting *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000))). For these reasons, under Federal Rule 703, an accident-reconstruction expert could reasonably rely on Michigan's *What Every Driver Must Know* handbook in determining the duties of drivers involved in an automobile accident in Michigan.

In contest, the Government inaptly cites *Lawrence v. Schauf*, No. 354872, 2022 WL 414265 (Mich. Ct. App. Feb. 10, 2022) (unpublished) (per curiam). *Lawrence* applied the Michigan Rules of Evidence, not the Federal Rules of Evidence. In some cases, federal and state rules mirror each other. Michigan Rule 703, however, "is inconsistent with" Federal Rule 703. Mich. R. Evid. 703, staff comment to 1978 adoption. Under Michigan Rule 703, the evidence upon which an expert's opinion relies must be admissible. *See* Mich. R. Evid. 703. But Federal

Rule 703 allows an expert's opinion to be based upon inadmissible evidence "to broaden the basis for expert opinions beyond that current in many jurisdictions and to bring the judicial practice into line with the practice of the experts themselves when not in court." FED. R. EVID. 703, advisory committee's note to 1972 proposed rules.

Federal Rule 703 provides that the facts or data upon which expert testimony is based may not be disclosed to the jury unless "their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." FED. R. EVID. 703. In case Robbins intends to disclose the contents of the handbook to the trier of fact, this Court will address its admissibility and prejudice.

The handbook is inadmissible hearsay evidence and is not otherwise admissible evidence. *See* FED. R. EVID. 801 and 802. Plaintiff would offer the handbook to prove the truth of the matter asserted within it. *See* ECF No. 50-2 at PageID.1163 ("This is also discussed in What Every Driver Must Know, '*A driver being passed on the left must give way to the passing vehicle.*'"). And the handbook is not a learned treatise. *Lawrence*, 2022 WL 414265, at *4 ("The pamphlet is not an official source of Michigan's constitutional, statutory, or common law."); *id.* at *7 ("Robbins's opinions also appear to have been based in part on various 'duties' derived from the '*What Every Driver Must Know*' publication. As explained earlier, the handbook is not an authoritative basis for determining the parties' relative rights and responsibilities.").

Although the handbook is inadmissible hearsay, its probative value substantially outweighs its prejudicial effect. *See* FED. R. EVID. 703. Accordingly, an opinion witness may consider that information in reaching his opinion. Granted, the handbook does not provide dispositive interpretations of the Michigan Vehicle Code, but it nevertheless adds reasonable guidance. For example, the handbook instructs passing drivers to "move into the passing lane well before

passing," presumably to ensure that the front driver has ample notice of the rear driver's intent to pass, giving the front driver time to decide whether to wait to be passed or to move their vehicle. *See* ECF No. 50-3 at PageID.1202.[4] Because this is a bench trial, the probative value of reasonable driving tips provided by the handbook substantially outweighs any prejudicial effect to the jury.

For these reasons, Robbins's expert testimony properly relied on the *What Every Driver Must Know* handbook. Consequently, the Government's Motion to Exclude will be denied.

### III.

Accordingly, it is **ORDERED** that the Government's Motion in Limine to Exclude Certain Testimony of Plaintiff's Accident Reconstruction Expert Timothy Robbins, ECF No. 50, is **DENIED WITHOUT PREJUDICE**. Timothy Robbins's testimony may mention, rely on, and be based upon the handbook titled *What Every Driver Must Know*.

Dated: June 3, 2022   s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

[4] The PageID pincites for this document are missing from the electronic docket and were thus calculated manually.