UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JACK FISCHER,

       Plaintiff,                      Case No. 1:19-cv-13020

v.                                     Honorable Thomas L. Ludington
                                           United States District Judge

UNITED STATES OF AMERICA,

       Defendant.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On June 28, 2022, this Court conducted a bench trial in this case to address only the issue of Defendant's liability.

The parties both submitted posttrial briefs including proposed findings of fact and conclusions of law. Pl.'s Posttrial Br., ECF No. 59; Def.'s Posttrial Br., ECF No. 60.

The following are this Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52. These findings of fact and conclusions of law represent this Court's consideration of all the admissible evidence in light of the pertinent law, as well as this Court's assessments of the witnesses' demeanor, qualifications, and credibility. *United States v. Mandycz*, 359 F. Supp. 2d 601, 603 (E.D. Mich. 2005) (citation omitted). Every finding of fact that can be construed to incorporate a conclusion of law is adopted as a conclusion of law and vice versa. *Id.*

### FINDINGS OF FACT

1. The vehicle collision at issue occurred during daylight on September 27, 2017, at approximately 4:00 PM.

2. Plaintiff Jack Fischer and United States Postal Employee Terry Patton were driving East on Truax Road in Tuscola County.

3. The posted speed limit on Truax Road was 55 miles per hour.

4. The weather was clear and sunny, and the roadway was dry.

5. The sun was bright in the west.

6. Plaintiff was driving his Honda Gold Wing motorcycle and wearing a helmet.

7. Patton was driving a mail truck on duty to deliver mail.

8. The entire roadway at issue was flat and straight.

9. Plaintiff was following Patton's mail truck on Truax Road for approximately 35 seconds before the crash, during which Patton never saw Plaintiff.

10. During the entire 35 seconds, Plaintiff saw the truck's rear flashing yellow lights, but the sun made them difficult to see.

11. Nothing obstructed Plaintiff's view of the back of Patton's truck.

12. Plaintiff was following so closely behind Patton's truck that Patton could not see Plaintiff in his rearview mirrors.

13. Patton incorrectly concluded that he was alone on the roadway—that no one was driving behind him.

14. Patton intended to turn left into a driveway to deliver a package to a door.

15. Patton activated his left turn signal approximately 50 yards before his intended left turn.

16. Plaintiff saw the postal truck slow down to approximately 3mph in its lane.

17. Plaintiff thought that the truck was stopping at mailboxes on the right side of the road.

18. Without waiting to determine with certainty which way Patton was turning, Plaintiff moved into the left lane to pass Patton's left side.

19. Without waiting to determine with certainty whether anyone was passing him, Patton began to turn left into a driveway.

20. Patton checked his rearview mirrors as he turned left.

21. Because Plaintiff was following too closely, Patton did not see Plaintiff's motorcycle until immediately before the impact of the collision.

22. Plaintiff could not see Patton's turn signal due to the brightness of the sun.

23. The right pedal of Plaintiff's motorcycle hooked the back of the postal truck's front-left bumper

24. Plaintiff lost control and crashed on the left side of the roadway.

25. Suffering life-threatening injuries, Plaintiff was medevaced from the accident scene.

26. The responding police officer found Plaintiff 100% at fault.

27. No third parties witnessed this accident.

## CONCLUSIONS OF LAW

28. This Court bifurcated the bench trial. So the only present issue is liability, not damages.

29. Plaintiff brought this case under the Federal Tort Claims Act, which provides, with exceptions not applicable here, that the Government is liable for:

> personal injury . . . caused by the negligent . . . act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

30. As Michigan is the *loci delicti commissi*, Michigan law determines the extent of the parties' liabilities. 28 U.S.C. § 1346(b)(1); *Premo v. United States*, 599 F.3d 540, 545 (6th Cir. 2010); *Young v. United States*, 71 F.3d 1238, 1242 (6th Cir. 1995); *see also* Amie L. Medley, Note, *A Sea of Confusion: The Shipowner's Limitation of Liability Act as an Independent Basis for Admiralty Jurisdiction*, 108 MICH. L. REV. 229, 254 n.87 (2009) ("The traditional rule of lex loci

delicti requires that the law of the jurisdiction where the wrong occurred be applied." (citing BLACK'S LAW DICTIONARY 930 (8th ed. 2004))).

31. Michigan common-law negligence requires Plaintiff to prove: (1) that Patton was negligent in one or more of the ways that Plaintiff claimed, (2) that Plaintiff was injured, and (3) that Patton's negligence was a proximate cause of Plaintiff's injuries. MICH. MODEL CIV. JURY INSTRUCTIONS § 16.02A (MICH. SUP. CT. 2020).

32. Similarly, to demonstrate comparative fault, the Government must prove that Plaintiff was negligent in one or more of the ways that the Government claimed, and that Plaintiff's negligence was a proximate cause of Plaintiff's injuries. *Id.*

33. The parties cite five Michigan statutes that apply, to some extent, to the factual predicament in this case. *United States v. Dedman*, 527 F.3d 577, 587 (6th Cir. 2008) ("[S]tate law is simply a matter for the judge to determine."). They are all rules of the road that set forth standards of care for stopping, turning, changing lanes, following, passing, or some combination of them. *See, e.g.*, *Gerardi v. Walters*, No. 318233, 2015 WL 213240, at *5 (Mich. Ct. App. Jan. 15, 2015) ("A tangle of statutes within the Motor Vehicle Code, MCL 257.1 *et seq.*, address the standard of care expected of [defendant] under the circumstances presented in this case.").

34. In Michigan, instead of negligence *per se*, "the effect of violation of a penal statute in a negligence action is that such violation creates only a prima facie case from which the [factfinder] may draw an inference of negligence." *Perliskey v. Vansuilichem*, No. 282503, 2009 WL 5150238, at *2 (Mich. Ct. App. Dec. 29, 2009) (per curiam) (unpublished) (quoting *Zeni v. Anderson*, 243 N.W.2d 270, 276 (Mich. 1976)).

35. Plaintiff contends Patton violated Michigan Compiled Laws § 257.636(1)(b), which requires a front driver to yield to a passing driver *after* the passing driver has already begun to pass the front driver as follows:

> Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle and shall not increase the speed of his or her vehicle until completely passed by the overtaking vehicle.

MICH. COMP. LAWS § 257.636(1)(b).

36. Under § 257.636(1)(b), Patton had the right of way.

37. Patton did not fail to yield to Plaintiff's attempt to pass on the left.

38. Rather, Patton began to turn left at approximately the same moment that Plaintiff began to pass and had no opportunity to comply with § 257.636(1)(b).

39. Patton did not violate § 257.636(1)(b).

40. Plaintiff also contends Patton violated Michigan Compiled Laws § 257.648(1)–(2), which requires drivers to ensure that imminent movements will be safe and apparent to other drivers as follows:

> The operator of a vehicle or bicycle upon a highway, before stopping or turning from a direct line, shall first determine that the stopping or turning can be made in safety and shall give a signal as required in this section. . . . [A] signal required under this section shall be given either by means of the hand and arm in the manner specified in this section, or by a mechanical or electrical signal device that conveys an intelligible signal or warning to other highway traffic.

MICH. COMP. LAWS § 257.648(1)–(2).

41. "[T]he purpose of [§ 257.648] is to provide notice of movements along the route that could affect other motorists." *People v. Hrlic*, 744 N.W.2d 221 (Mich. Ct. App. 2007) (per curiam).

42. The Michigan Supreme Court has explained that activation of brake lights raises "a fair inference" that the front driver has satisfied the duty to signal under § 257.648. *Hoffman v. Burkhead*, 90 N.W.2d 498, 503 (Mich. 1958) (en banc).

43. Patton activated his brake lights and slowed down to 3mph before attempting to turn, satisfying his duty to signal.

44. Patton did not violate his duty to signal under § 257.648.

45. Patton did not wait to see if his turn would be a safe movement, as he testified postal drivers including himself ought to do before making such movements.

46. Patton violated his duty to ensure that his turn would be safe for other drivers under § 257.648.

47. Patton contends Plaintiff violated Michigan Compiled Laws § 257.638(1), which requires passing drivers to check for oncoming traffic before attempting to pass as follows:

> A vehicle shall not be driven to the left side of the center of a 2-lane highway . . . in overtaking and passing another vehicle proceeding in the same direction unless the left side . . . is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit the overtaking and passing to be completely made without interfering with the safe operation of . . . the vehicle overtaken.

MICH. COMP. LAWS § 257.638(1).

48. Although there were no other drivers on the road, Plaintiff ensured that no vehicles were approaching in the other lane before he attempted to pass Patton.

49. Plaintiff did not violate his duty to check for oncoming traffic before passing under § 257.638(1).

50. Patton also contends Plaintiff violated Michigan Compiled Laws § 257.636(1)(a), which requires passing vehicles to pass far enough from the overtaken vehicle to avoid collisions as follows:

> The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance to the left of that vehicle . . . .

MICH. COMP. LAWS § 257.636(1)(a).

51. Plaintiff did not pass at a safe distance to the left of Patton's mail truck, as such a safe passing movement would have avoided the collision, which occurred in the roadway.

52. Plaintiff violated his duty to pass at a safe distance under § 257.636(1)(a).

53. Michigan Compiled Laws § 257.643 requires rear drivers not to follow front drivers too closely as follows:

> The operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway.

MICH. COMP. LAWS § 257.643.

54. A mail truck has a more limited rear field of view than most vehicles.

55. As such, it is reasonable that mail-truck drivers and other drivers near mail trucks should be more cautious when making vehicle movements.

56. If Plaintiff was not following Patton too closely, then Patton might have seen Plaintiff in the rearview mirror during the 35 seconds that Plaintiff followed him on Truax Road.

57. Plaintiff was following Patton too closely before attempting to pass Patton on the left.

58. Plaintiff violated his duty not to follow Patton too closely under § 257.643.

59. The parties both violated two statutes, all of which proximately caused Plaintiff's injuries.

60. Michigan law provides that the trier of fact must allocate the liability of each party "in direct proportion to the person's percentage of fault" by "consider[ing] the fault of each person, regardless of whether the person is, or could have been, named as a party to the action." MICH. COMP. LAWS § 600.2957(1).

61. And "the court shall reduce the damages by the percentage of comparative fault of the person upon whose injury or death the damages are based." MICH. COMP. LAWS § 600.2959.

62. If the plaintiff's "percentage of fault is greater than the aggregate fault of the other person," then "the court shall reduce economic damages" by the plaintiff's "percentage of comparative fault," and "noneconomic damages shall not be awarded." *Id.*

63. This Court must therefore apportion the fault between Plaintiff and Patton, the postal worker.

64. Patton was negligent. As explained above, Patton did not check his rearview mirrors immediately before attempting to turn left, in which case the entire accident would have been avoided because, as he testified, Patton was traveling at 3mph and would have stopped completely if he saw Plaintiff. Patton could have waited to ensure that no one was attempting to pass him before he began to effectuate his left-hand turn.

65. The Court will therefore apportion some fault to Defendant, through Patton.

66. Plaintiff was also negligent. Plaintiff was following Patton too closely, did not take reasonable care in ensuring Patton's turn direction before attempting to pass, and did not pass at a far enough distance to avoid a collision. Plaintiff could have followed Patton from a farther distance, ensured which direction Patton was turning before attempting to pass him, and passed at a further distance.

67. Accordingly, this Court concludes that fault should be apportioned as follows:

    a. Plaintiff Jack Fischer is 50 percent at fault.

    b. Terry Patton, the postal worker, is 50 percent at fault.

68. Plaintiff may therefore recover 50% of his economic and noneconomic damages.

69. The damages to be apportioned based on this finding will be determined at a future hearing.

## CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff is **DETERMINED** to be 50% at fault and that Defendant is **DETERMINED** to be 50% at fault for the collision.

Further, it is **ORDERED** that the parties are **DIRECTED** to submit their initial briefing on the issue of damages **on or before October 3, 2022**.

**This is not a final order and does not close the case**.

Dated: September 8, 2022          s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge